UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LIZA CURRY,

                                 Plaintiff,        **ANSWER**

            -against-                       19-CV-04450 (KPF)

NEW YORK CITY DEPARTMENT OF EDUCATION
and KYLE BRILLANTE, individually and in his official
capacity as principal of The Highbridge Green School, MS
361

                                 Defendants.
------------------------------------------------------------------------x

Defendants Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education") and Kyle Brillante ("Brillante"), by and through their attorney, ZACHARY W. CARTER, Corporation Counsel for the City of New York, as and for their answer to the Complaint ("Complaint") herein, respectfully alleges as follows:

        1.        Deny the allegations set forth in paragraph "1" of the Complaint except admit that Plaintiff purports to proceed as set forth therein.

        2.        Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

        3.        Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to state the basis for venue in this Court as set forth therein.

        4.        Deny the allegations set forth in paragraph "4" of the Complaint, except admit plaintiff dually filed a charge alleging discrimination with the State Division of Human Rights ("SDHR") under case number 10197388 and with the U.S. Equal Employment Opportunity Commission ("EEOC") under Charge Number 16GB900200.

        5.        Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the EEOC issued a right to sue letter dated March 28, 2019.

7. The allegations in paragraph "7" of the Complaint that plaintiff is a "qualified individual with a disability and an employee" within the meaning of the cited provisions of law set forth legal argument for which no response is require. To the extent a response is required, deny the allegations set forth in paragraph "7" of the Complaint, except deny knowledge or information sufficient to form a belief of the truth of the allegation concern plaintiff's residence, admit that plaintiff is female, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Defendant Kyle Brillante is the principal of The Highbridge School, MS 361, which is located in Bronx, New York.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the BOE employs more than fifteen employees.

11. The allegations in paragraph "11" of the Complaint set forth legal argument for which no response is require. To the extent a response is required, deny the allegations set forth in paragraph "11" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

12. Deny the allegations set forth in paragraph "12" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

13. The allegations in paragraph "13" of the Complaint that the medical conditions cited each constitute a "qualifying disability under the ADA, NYSHRL and NYCHRL" set forth legal argument for which no response is require. To the extent a response is required, deny the allegations set forth in paragraph "13" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's listed medical conditions and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that plaintiff was appointed as a probationary assistant principal with the BOE in September 2016.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff "remains capable of performing the duties of her position with or without an accommodation."

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that in September 2016 plaintiff was appointed as a probationary assistant principal assigned to The Highbridge Green School, MS 361, located at 200 West 167th Street, Bronx, NY 10452 within BOE Community District 9.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Brillante was appointed as the interim Principal of Highbridge Green School in 2013, appointed Principal of Highbridge Green School in 2014 and was plaintiff's direct supervisor in September 2016.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint that "[p]laintiff informed Brillante [of her aerovenous malformation] soon after her hire", and denies knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's medical condition and its effect on plaintiff.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's diagnosis and treatment of thyroid cancer.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to complaints plaintiff filed with her union, the Council of School Administrators and Supervisors ("CSA"), except admit that CSA filed an Article XI complaint with the Office of Labor Relations ("OLR") at the BOE on December 18, 2018 and a "Step 1" grievance with Brillante dated January 14, 2019 on behalf of plaintiff.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff filed an internal EEO complaint with the BOE's Office of Equal Opportunity on or about May 4, 2018.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Deputy Superintendent Makelele met with plaintiff in the summer of 2018 and also spoke with Brillante about plaintiff's concerns.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that plaintiff e-mailed Makelele on or about July 16, 2018.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth therein regarding plaintiff's alleged panic attack and the cause(s) of it.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that that Superintendent Rodriguez-Rosario requested a medical evaluation of plaintiff pursuant to NY Educ. Law § 2568, at the request of Brillante.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff did not have a private office during the 2018-2019 school year because Brillante was under the impression plaintiff was not returning to The Highbridge Green School for the 2018-2019 school year and the office was designated for other purposes for the 2018-2019 school year.

36. Deny the allegations set forth in paragraph "36" of the Complaint, and respectfully refer the Court to the letters referred to therein for a complete and accurate statement of their contents.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that plaintiff e-mailed Deputy Superintendent Makelele on August 30, 2018.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Brillante, as supervisor to the Assistant Principals, would sometimes sit in on meetings to observe Assistant Principals and offer feedback and support.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that plaintiff and AP Waters would periodically meet with plaintiff to provide support and guidance regarding plaintiff's job responsibilities.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Superintendent Rodriguez-Rosario requested a medical evaluation of plaintiff pursuant to NY Educ. Law § 2568, at the request of Brillante, which plaintiff was informed of by a letter dated September 4, 2018.

41. Deny the allegations set forth in paragraph "41" of the Complaint and respectfully refer the Court to the letter referred to therein for a complete and accurate statement of its contents.

42. Deny the allegations set forth in paragraph "42" of the Complaint and respectfully refer the Court to the letter referred to therein for a complete and accurate statement of its contents.

43. Deny the allegations set forth in paragraph "43" of the Complaint, of the Complaint except admit that plaintiff underwent a medical evaluation on September 12, 2018 pursuant to NY Educ. Law § 2568.

44. Deny the allegations set forth in paragraph "44" of the Complaint except admit that plaintiff underwent a medical evaluation on September 12, 2018 pursuant to NY Educ. Law § 2568.

45. Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the medical evaluation referred to therein for a complete and accurate statement of its contents.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's prescribed medication, and admit that plaintiff submitted a request for a Family Medical Leave Act ("FMLA") restoration of health leave on September 12, 2018 for September 6, 2018 through November 5, 2018, which was approved.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that plaintiff filed a verified complaint with the New York State Division on Human Rights ("SDHR") on or about September 24, 2018 under case number 10197388, which was a dually filed with the United States Equal Employment Opportunity Commission, under Charge No. 16GB900200.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that Brillante issued plaintiff a letter to file dated September 25, 2018 following a September 5, 2018 meeting between Brillante, plaintiff, and her CSA representatives Frank Patterson and Beverly Pascal-Millerand respectfully refer the Court to the September 25, 2018 letter for a complete and accurate statement of its contents.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit that plaintiff participates in leadership meetings that pertain to her job duties and responsibilities.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that each Assistant Principal participates in leadership meetings pertaining to her duties and responsibilities.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's purported conversation with Valerie Diaz ("Diaz"), Brillante's secretary, and admit that Diaz is responsible for maintaining time and attendance records at the Highbridge Green School.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that the school website has a "Meet Our Team" section, which includes the biographies of Brillante and AP Waters and "biography coming soon" is listed under plaintiff's picture and title.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that plaintiff filed a notice of claim on December 10, 2018.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that plaintiff e-mailed Brillante on December 13, 2018 regarding her notice of claim.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except admit that Brillante, plaintiff, and plaintiff's CSA representative, Beverly Pascal-Miller met on January 3, 2019 to discuss plaintiff's time and attendance.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint, except admit that the Assistant Principals at the Highbridge Green School worked staggered schedules to accommodate the needs of the school and school community.

65. Deny the allegations set forth in paragraph "65" of the Complaint, except admit that the CSA, on behalf of the plaintiff, filed a grievance concerning letters dated May 16, 2018 and September 25, 2018 alleging that they do not have plaintiff's signature and were placed in her file without her knowledge or consent.

66. Deny the allegations set forth in paragraph "66" of the Complaint, except admit that plaintiff filed an amended notice of claim, dated January 10, 2019, and respectfully refer the Court to the amended notice of claim cited therein for a complete and accurate statement of its contents.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding plaintiff's alleged panic attacks.

69. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "69" of the Complaint.

70. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint, except admit plaintiff submitted a reasonable accommodation request form on or about January 23, 2019, which was denied on January 28, 2019.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that on January 29, 2019 plaintiff wrote to Brillante via text message stating "Good Morning, Just so that you are aware, I still have not been given medical clearance to return to work."

73. Deny the allegations set forth in paragraph "73" of the Complaint, except admit that on January 31, 2019 Brillante issued a meeting notice to discuss plaintiff's unauthorized absences, which was scheduled for February 8, 2019.

74. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "74" of the Complaint.

75. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that Brillante sent a letter to plaintiff dated February 11, 2019 regarding a previous letter sent to plaintiff scheduling a February 8, 2019 disciplinary meeting, which she did not appear for nor ask to be rescheduled, pertaining to plaintiff's multiple consecutive absences.

77. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit that Brillante sent plaintiff a letter dated February 13, 2019 and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

79. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "83" of the Complaint.

84. Deny the allegations as set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. In response to the allegations set forth in paragraph "91" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-90" inclusive of their answer, as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. In response to the allegations set forth in paragraph "94" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-93" inclusive of their answer, as if fully set forth herein.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. In response to the allegations set forth in paragraph "97" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-96" inclusive of their answer, as if fully set forth herein.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. In response to the allegations set forth in paragraph "101" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-100" inclusive of their answer, as if fully set forth herein.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. In response to the allegations set forth in paragraph "106" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-105" inclusive of their answer, as if fully set forth herein.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaints.

109. In response to the allegations set forth in paragraph "109" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-108" inclusive of their answer, as if fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. In response to the allegations set forth in paragraph "112" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-111" inclusive of their answer, as if fully set forth herein.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. In response to the allegations set forth in paragraph "116" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-115" inclusive of their answer, as if fully set forth herein.

117. Deny the allegations as set forth in paragraph "117" of the Complaint.

118. Deny the allegations as set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. In response to the allegations set forth in paragraph "121" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-120" inclusive of their answer, as if fully set forth herein.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. In response to the allegations set forth in paragraph "124" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-123" inclusive of their answer, as if fully set forth herein.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. In response to the allegations set forth in paragraph "128" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-127" inclusive of their answer, as if fully set forth herein.

129. Deny the allegations as set forth in paragraph "129" of the Complaint.

130. Deny the allegations as set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

134. In response to the allegations set forth in paragraph "134" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-133" inclusive of their answer, as if fully set forth herein.

135. Deny the allegations set forth in paragraph "135" of the Complaint.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. Deny the allegations set forth in paragraph "137" of the Complaint.

138. Deny the allegations set forth in paragraph "138" of the Complaint.

139. In response to the allegations set forth in paragraph "139" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-138" inclusive of their answer, as if fully set forth herein.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

143. No response to paragraph "143" of the Complaint is required since it merely states that plaintiff demands a trial by jury. To the extent a response is required deny the allegations set forth in paragraph "143" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST DEFENSE

144. The Complaint fails to state a cause of action upon which relief may be granted in whole or in part.

### AS AND FOR A SECOND DEFENSE

145. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE

146. Plaintiff has failed to fully comply with applicable notice of claim requirements with respect to her city and state law claims.

### AS AND FOR A FOURTH DEFENSE

147. Defendants exercised reasonable care to prevent and promptly eliminate any harassing behavior. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by defendants or to otherwise avoid harm.

### AS AND FOR A FIFTH DEFENSE

148. Defendant had legitimate, non-discriminatory and non-retaliatory business reasons for taking any of the alleged acts complained of by plaintiff. The actions taken would have been taken regardless of any alleged protected status or activity.

**AS AND FOR A SIXTH DEFENSE**

149. Plaintiff's claims for punitive damages are barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR A SEVENTH DEFENSE**

150. Plaintiff failed to exhaust her administrative remedies with respect to any Title VII or ADA claims contained in the federal complaint which were not also contained in the plaintiffs' charge of discrimination filed with the SDHR/EEOC. .

**AS AND FOR AN EIGHTH DEFENSE**

151. Plaintiff could not, even with reasonable accommodation, satisfy the essential requisites of the job in question.

**AS AND FOR A NINTH DEFENSE**

152. The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

**AS AND FOR A TENTH DEFENSE**

153. Upon information and belief, plaintiff's claim for front and/or back pay are barred by her failure to mitigate damages.

## AS AND FOR AN ELEVENTH DEFENSE

154. Defendant BOE established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, and had a record of no, or relatively few, prior incidents of discriminatory conduct by such employee.

Dated: New York, New York
August 23, 2019

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-316
                              New York, New York 10007
                              (212) 356-2451
                              sturetsk@law.nyc.gov

                        By:   */s/ Samantha P. Turetsky*
                                 Samantha P. Turetsky
                                 Assistant Corporation Counsel

TO:   Law Office of Peter A. Romero PLLC (BY ECF)
       Attorneys for Plaintiff
       825 Veterans Highway, Suite B
       Hauppauge, New York 11788
       (631) 257-5588
       dbarnhorn@romerolawny.com

| |
|---|
| 19-CV-04450 (KPF) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| LIZA CURRY,<br><br>                                                         Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION and KYLE BRILLANTE, individually and in his official capacity as principal of The Highbridge Green School, MS 361<br><br>                                                         Defendants. |
| **ANSWER** |
| ***ZACHARY W. CARTER***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 2-316*<br>*New York, New York  10007-2601*<br><br>*Of  Counsel:  Samantha P. Turetsky*<br>*Tel.:  (212) 356-3451*<br>*Matter No.:  2019-039493* |
| *Due and timely service is hereby admitted.*<br><br>*Dated: New York, New York....................................................2019*<br><br>*Signed:  ........................................................................................*<br><br>*Attorney for ...................................................................................* |