UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

LIZA CURRY,



                                Plaintiff,  **CONFIDENTIALITY STIPULATION AND**
                 -against-                  **PROTECTIVE ORDER**

NEW YORK CITY DEPARTMENT OF EDUCATION  19-CV-04450 (KPF)
and KYLE BRILLANTE, individually and in his official
capacity as principal of The Highbridge Green School, MS
361,

                                Defendants.
------------------------------------------------------------------------- X

        **WHEREAS**, for the purpose of discovery in this case, Plaintiff has requested that Defendants produce, and Defendants may elect to produce for purposes of their defenses, documents and other information pertaining to: personal and private information concerning certain individuals who are not parties to this action; and other documents which may later be produced that the New York City Department of Education ("DOE") designates as confidential; and; and

        **WHEREAS**, the Defendants would object to the production of those documents and information unless there is appropriate protection for their confidentiality, as described in the Protective Order below; and

        **WHEREAS**, such Confidential Information must not be disclosed to any person or entity not involved in this lawsuit, or used for any purpose other than discovery, settlement, preparation, motion practice in this matter, trial, and appeal of this action;

**IT IS AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1. **Definitions:** As used herein the following terms shall be defined as follows:

    a. **Confidential Information.** "Confidential Information" shall include information, documents, data, portions of discovery materials, if any, including but not limited to deposition transcripts, interrogatory answers, and responses to requests for admissions, if the information contained therein has not been made publicly available and is the kind of information Defendants believe in good faith to be business confidential or personal information. Personal information means Confidential Information that includes individually identifiable personal information about any individual including, but not limited to, Defendants, the City of New York's or DOE's present or former officials, employees, representatives, or agents, and other individuals the Defendants have involved to assist in the litigation of this matter, and includes but is not limited to social security numbers, tax identification numbers, personnel files, dates of birth, financial information, personal contact information, medical and health information, and performance ratings, performance information, information relating to any internal employment investigations, workers' compensation information, information relating to a spouse, partner or dependent, equal employment opportunity information, labor relations information, discipline documentation, promotion information,

2

compensation information, monetary transaction information, employment benefit information, retirement information and termination information, and other information as agreed by the Parties on an individual basis, pursuant to federal rules or law, or ordered by the Court.

    b.    **Designating Party and Non-designating Party.** Designating Party means the party who designated documents or information produced pursuant to this Protective Order as "Confidential" as set forth herein. The Non-designating Party is the other party who did not make such a designation for the same document or information.

    2.    **Production of Confidential Information.** If at any time, Confidential Information is produced in its original form, it will be treated as Confidential Information as set forth below.

    3.    **Method of Designating Documents and Information Confidential.** Any information the Designating Party intends to be Confidential shall be so designated prior to production by either marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion, or by designating in writing the Bates-stamp numbered pages to be so designated. In addition, Defendants may designate portions of deposition testimony as "Confidential" at the time of the deposition or within thirty (30) days after receipt of the final transcript by the Designating Party. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. This Protective Order does not preclude or waive a deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

4. **Subsequent Designation.** Documents and/or materials produced in the Litigation that are not identified as Confidential Information when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by Defendants providing written notice to counsel for all other Parties and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

5. **Contesting Confidential Designations.** A Non-designating Party may object to the designation of information as "Confidential" by notifying counsel for the Designating Party in writing at any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, either Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents as Confidential as originally designated.

6. **Disclosure of Confidential Information.** Information designated as "Confidential" and documents containing information that is "Confidential" shall be used solely for the purpose of this action, and, unless the Court for good cause shown rules otherwise, such information shall not be disclosed to any person other than the following qualified recipients:

   a. the Parties' counsel of record in this action, and the members of their firm and/or office, including any contractors or individuals engaged by the parties in connection with performing services in this litigation or disposition of this action;

b.  the Parties to the action or their employees, if necessary for the litigation or disposition of this action and/or strategy decisions, who are assisting with or involved in the litigation of this action;

c.  the court reporter(s) or videographer(s) undertaking his or her duties in a deposition relating to this matter;

d.  deponents, during the course of their depositions;

e.  any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court; and

f.  persons retained by any party to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by a Party or engaged by the parties for the litigation or disposition of this action to perform investigative work, data entry, or fact research, who have reviewed and consented to be bound by this Protective Order by executing Exhibit A, further described in paragraph 6, below.

Confidential Information or documents disclosed to persons defined in subparagraphs (a) through (f) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (f) of paragraph 6, nor shall any such information be used by any such person for any purpose other than discovery, settlement, preparation, motion practice in this lawsuit, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality.

Any depositions taken in this action (where either the Confidential Information or the documents containing Confidential Information may be disclosed or utilized) shall be

attended only by the deponent, the deponent's attorney, any individual selected by Plaintiff to appear to assist with the deposition, the Parties, the Parties' counsel of record, the court reporter and/or videographer. All persons attending any deposition(s) in this case shall be subject to this Protective Order. Should any Confidential Information be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Protective Order.

7. **Production of Confidential Information to Experts.** The Non-designating Party's counsel shall provide a copy of this Protective Order to any person identified in 6(f) above who is to be provided access to the Confidential Information or documents containing Confidential Information and shall require such expert to sign a written statement (to be held by the Nondesignating Party's counsel) submitting to this Court's jurisdiction (for the purpose of enforcing this Protective Order) before receiving such information or documents. The form of such statement shall be consistent with Exhibit A, attached hereto.

8. **Use of Confidential Information.** Neither the documents containing Confidential Information, nor the Confidential Information contained therein, shall be utilized, copied or reproduced except as needed in connection with this litigation. All copies shall be maintained within the possession and control of the Parties' counsel of record. Any summary or copy of the Confidential Information or the documents containing Confidential Information shall be subject to the terms of this Protective Order. Except as further provided in this Protective Order, Plaintiff shall not in any way, directly or indirectly, publish or disseminate any Confidential Information without the permission of the Designating Party. The prohibitions in this paragraph include, but are not limited to, any acts to post on a website(s), any acts to publish in any internet "chat room," public discussion site, or social media site or application, any acts to

provide the information to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the information. Portions of affidavits, deposition transcripts, expert reports, briefs and other court filings quoting, excerpting or summarizing Confidential Information shall be similarly protected from dissemination or disclosure. Nothing herein is intended to limit publication or dissemination between counsel and their respective clients in this matter.

9. **Filing Documents Under Seal.** Confidential documents may be used in support of, and, in opposition to, motions and at trial. If either party seeks to file a document containing Confidential Information, the filing party should confer with the non-filing party to confirm that filing under seal will be necessary. If so, the filing party agrees to take all reasonable measures to have the document filed under seal.

10. **No Waiver by Disclosure.** Nothing in this Protective Order shall be deemed to require disclosure of material protected by the attorney-client privilege or the work-product doctrine. The disclosure of any documents, information or material that would be otherwise protected by privilege or any other protection recognized under state or federal law, whether inadvertent or otherwise, shall not constitute or be deemed a waiver or forfeiture in this or any other federal or state action. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If a Designating Party inadvertently produces a document, the Non-designating Party shall return the original and all copies of the document pursuant to a written request and shall not use any information thus obtained unless allowed to do so by the Court.

11. **Maintenance of Confidential Information.** Maintenance of the Confidential Information and documents containing Confidential Information shall be subject to

further order of the Court and nothing in this Protective Order shall preclude any party from applying to the Court to modify the terms of this Protective Order. The Parties, however, shall engage in good faith efforts to resolve requests to modify this Protective Order prior to bringing such requests to the Court's attention. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

12. **Admissibility at Trial or Hearing.** Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

13. **Return or Destruction of Information.** Within sixty (60) days of final termination of this action, including any appeals, all documents containing Confidential Information, including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties, and materials that have been admitted into evidence in this action), shall be returned to the producing party or destroyed by the Parties and/or experts who received production of those materials upon written request, with written verification of the destruction to the producing party.

14. **Limitations on Use.** Nothing in this Stipulation and Protective Order shall be construed to limit the producing party's use of the Confidential Materials in any manner nor shall it serve to limit a party's right to review, withhold or redact documents and related information (including metadata) for relevance, responsiveness, as required by state or federal statute, or on the basis of privilege.

Dated: New York, New York
February 21, 2020

DAVID D. BARNHORN

Law Office of Peter A. Romero PLLC
Attorneys for Plaintiff
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel: (631) 257-5588
Dbarnhorn@romerolawny.com

By: *David Barnhorn*
David D. Barnhorn

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-184
New York, New York 10007
Tel: (212) 356-2451
sturetsk@law.nyc.gov

By: *Samantha P. Turetsky* 2/25/2020
Samantha P. Turetsky
Assistant Corporation Counsel

This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

Dated: February 27, 2020
New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2020 in the action entitled *Curry v. New York City Department of Education, et al*, 19 CV 4450 (KPF), or has been advised of its provisions or contents and understands the terms thereof. The undersigned agrees not to use the Confidential Information defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Information except in testimony taken in this case.

_____  _____
Date                                          Signature

                                     _____
                                     Print Name

                                     _____
                                     Occupation

19- CV- 04450 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIZA CURRY,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and KYLE BRILLANTE, individually and in his official capacity as principal of The Highbridge Green School, MS 361,

Defendants.

**STIPULATION AND PROTECTIVE ORDER**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-184*
*New York, N.Y. 10007*

*Of Counsel: Samantha P. Turetsky*
*Tel: (212) 356-2451*

*Matter Number: 2019-039493*

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y. ................................., 2020

*Signed:* ........................................................................

*Attorney for* ................................................................