UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LIZA CURRY,

                Plaintiff,              Docket No.: 19-cv-04450 (KPF)

      -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION and KYLE BRILLANTE,
individually and in his official capacity as
principal of The Highbridge Green School,
MS 361,

             Defendants,
-------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>**


David D. Barnhorn, Esq.
Peter A. Romero, Esq.
Law Office of Peter A. Romero PLLC
*Attorneys for Plaintiffs*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588

# TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………………..………1

FACTUAL BACKGROUND………………………………………………………………………2

ARGUMENT…………………………………………………………………………………...…2

I.      Standard for Motion for Leave to Amend Complaint………………………………...2

II.     Plaintiff Should be Permitted to Amend her Complaint to Include Additional Facts…………………………………………………………………………………...3

III.    Plaintiff's Proposed Amended Complaint Asserts Meritorious Claims………………4

        A.     Plaintiff States a Claim for Disability Discrimination under the NYSHRL………..4

        B.     Plaintiff States a Claim for Disability Discrimination under the NYCHRL………..7

        C.     Plaintiff States a Claim for Retaliation under the NYSHRL…………………...…10

        D.     Plaintiff States a Claim for Retaliation under the NYCHRL……………………...12

        E.     Plaintiff States a Claim for Unlawful Deductions under NYLL § 193……………14

        F.     Plaintiff States a Claim for Unjust Enrichment……………………………...15

IV.    Defendants Cannot Establish that Prejudice or Any Other Basis Exists to Justify Denial of Plaintiff's Proposed Amendments…………………………………16

CONCLUSION…………………………………………………………………………18

**<u>TABLE OF AUTHORITIES</u>**

**<u>Cases</u>**

*Alexander v. Possible Prods., Inc.*, 336 F. Supp. 3d 187 (S.D.N.Y. 2018)………..……..8-9, 12-13

*Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359 (E.D.N.Y. 1996)…………..…..5

*Ballard v. Parkstone Energy, LLC*, 2008 WL 4298572 (S.D.N.Y. Sept. 19, 2008)……………..3

*Bey v. City of New York*, 2020 WL 467507 (E.D.N.Y. Jan. 29, 2020)……………………………..4

*Camoia v. City of N.Y.*, 2018 WL 5077893 (E.D.N.Y. Oct. 18, 2018)……………………………..8

*Casseus v. Verizon N.Y., Inc.*, 722 F. Supp. 2d 326 (E.D.N.Y. 2010)……………………………...5

*Cohen v. BMW Investments L.P.*, 668 Fed. Appx. 373 (2d Cir. 2016)……………………………15

*Constance v. Pepsi Bottling Co. of NY*, 2007 WL 2460688 (E.D.N.Y. Aug. 24, 2007)……………9

*Flieger v. E. Suffolk BOCES*, 693 Fed. Appx. 14 (2d Cir. 2017)……………………………....4, 10

*Giambattista v. Am. Airlines, Inc.*, 5 F. Supp. 3d 284 (E.D.N.Y. 2014)……………………......5

*Giordano v. City of N.Y.*, 274 F.3d 740 (2d Cir. 2001)……………………………………………4

*Goldberg v. Jacquet*, 667 Fed. Appx. 313 (2d Cir. 2016)…………………………………………14

*Gorman-Bakos v. Cornell Coop. Extension*, 252 F.3d 545 (2d Cir. 2001)……………………….12

*Holick v. Cellular Sales of New York, LLC*, 2019 WL 3253941 (N.D.N.Y. July 19, 2019)……….14

*Humphrey v. RAV Investigative & Sec. Servs. Ltd.*,
    2016 WL 7190073 (S.D.N.Y. Nov. 29, 2016)…………………………………………....14

*Hussain v. Burton & Doyle of Great Neck LLC*,
    2015 WL 13227997 (E.D.N.Y. Sept. 29, 2015)…………………………….……..2-3, 16

*In re Curb Serv. Laundry & Dry Cleaning*, 145 F.2d 756 (2d Cir. 1944)…………………………..5

*Jacobsen v. NYC Health and Hosp. Corp.*, 22 N.Y.3d 824 (2014)……………………….…..5, 7

*Kelly v. City of New York*, 2017 WL 3107207 (S.D.N.Y. July 17, 2017)…………………….…..3

*Krasner v. City of N.Y.*, 580 Fed. Appx. 1 (2d Cir. 2014)……………………………………12-13

*Marathon Structured Fin. Fund, LP v. Paramount Pictures Corp.*,
    622 Fed. Appx. 85 (2d Cir. 2015)……………………………………………………....15

*Martinez by Martinez v. Lexington Gardens Assocs.*,
  336 F. Supp. 3d 270 (S.D.N.Y. 2018)……………………………………………………..9

*M.E.S., Inc. v. Safeco Ins. Co. of Am.*, 2014 WL 2931398 (E.D.N.Y. June 27, 2014)……………...3

*Molina v. City of Rochester*, 764 Fed. Appx. 49 (2d Cir. Mar. 26, 2019)………………………....12

*Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60 (2d Cir. 2018)……………………..15

*Owusu v. Corona Tire Shop, Inc.*, 2013 WL 1680861 (E.D.N.Y. Apr. 17, 2013)…………...2-3, 16

*Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 Fed. Appx. 5 (2d Cir. 2014)………………..4

*Prindle v. City of Norwich*, 2018 WL 1582429 (N.D.N.Y. Mar. 27, 2018)……………………..5, 9

*Ray v. City of Tona Wanda*, 2018 WL 2298354 (W.D.N.Y. May 21, 2018)………………………..9

*Rios v. Core Facility Servs. LLC*, 2018 WL 1545684 (E.D.N.Y. Mar. 29, 2018)………………….9

*Rivera v. Harvest Bakery Inc.*, 2015 WL 5542386 (E.D.N.Y. Sept. 18, 2015)………………….…3

*Rodriguez v. Ridge Pizza Inc.*, 2018 WL 1335358 (E.D.N.Y. Mar. 15, 2018)…………………3-4

*Rodriguez v. Verizon Telecom*, 2014 WL 6807834 (S.D.N.Y. Dec. 3, 2014)……………………..10

*Sherman v. Cnty. of Suffolk*, 71 F. Supp. 3d 332 (E.D.N.Y. 2014)…………………………..….9

*Smith v. City of New York*, 2018 WL 3392872 (S.D.N.Y. July 12, 2018)………………………....13

*Treglia v. Town of Manlius*, 313 F.3d 713 (2d Cir. 2002)……………………………………...10

*Volpe v. NYC Dep't of Educ.*, 195 F. Supp. 3d 582 (S.D.N.Y. 2016)……………………………...12

*Voltaire v. Home Servs. Sys., Inc.*, 823 F. Supp. 2d 77 (E.D.N.Y. 2011)…………………………..9

*Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224 (2d Cir. 2000)…………………………..…11

*Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59 (2d Cir. 2015)………………………....7-8

## Statutes and Rules

Fed. R. Civ. P. 15……………………………………………………………………….…..2

N.Y. EXEC. LAW § 292………………………………………………………………….…..6

N.Y. EXEC. LAW § 296……………………………………………………..…………….11

N.Y.C. Admin Code § 8-102…………………………………………………………………....9

N.Y. LAB. LAW § 193………..14

<u>**PRELIMINARY STATEMENT**</u>

In this action, Plaintiff Liza Curry brought her Complaint against Defendants New York City Department of Education and Kyle Brillante, individually and in his official capacity as principal of The Highbridge Green School, MS 361. In her Complaint, Plaintiff alleges claims for discrimination based on her disabilities and/or perceived disabilities and race, failure to accommodate her disabilities, retaliation, and asserts that she was subjected to a hostile work environment, in violation of the Americans with Disabilities Act and Americans with Disabilities Amendments Act ("ADA"), Title VII of Civil Rights Act ("Title VII"), New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Exhibit D to the Declaration of David D. Barnhorn, Esq. in Support of Plaintiff's Motion for Leave to File Amended Complaint (hereinafter "Barnhorn Decl."). Since that time, Defendants engaged in additional unlawful acts that constitute a continuous course of unlawful conduct arising and continuing directly from the conduct alleged Plaintiff's original Complaint, including but not limited to Defendants demoting Plaintiff from an Assistant Principal to a teacher, failing to pay her wages earned, and repeated denials of her requests for leave. Exhibit A to Barnhorn Decl. Moreover, this same alleged conduct gives rise to additional claims for violations the New York Labor Law ("NYLL") and New York common law. Thus, Plaintiff filed a second Notice of Claim and a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding her additional allegations.[1] As a result, Plaintiff seeks to amend her Complaint to include these additional factual allegations, and to add claims for making unlawful

---

[1] Although Plaintiff has filed an additional charge of discrimination with the EEOC regarding Defendants' subsequent unlawful conduct, similar to her second Notice of Claim, that charge remains pending before the EEOC. The assigned EEOC investigator informed the undersigned that the EEOC's current policy prohibits issuing a Notice of Right to Sue in any matter during the ongoing Covid-19 pandemic. As a result, a Notice of Right to Sue could not be obtained prior to this motion. As such, Plaintiff will seek to amend her Complaint with respect to her claims under the ADA and Title VII, which mirror her claims under the NYSHRL and NYCHRL, as soon as the EEOC issues her a Notice of Right to Sue.

deductions to Plaintiff's wages in violation of NYLL § 193 and for violation of New York common law in the form of unjust enrichment. Accordingly, Plaintiff files this motion requesting that the Court enter an order: (1) granting Plaintiff leave to file an amended complaint pursuant to Fed. R. Civ. P. 15; and (2) granting such other and further relief as the Court deems just and proper. A copy of Plaintiff's proposed Amended Complaint is attached as Exhibit B to the Barnhorn Decl.

## FACTUAL BACKGROUND

Plaintiff refers the Court to Plaintiff's proposed Amended Complaint, attached as Exhibit B to the Barnhorn Decl., and the Declaration of Plaintiff Liza Curry, attached as Exhibit A to the Barnhorn Decl., for a statement of the factual assertions raised by Plaintiff.

## ARGUMENT

### I. Standard for Motion for Leave to Amend Complaint

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Critically, this rule mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Hussain v. Burton & Doyle of Great Neck LLC*, 2015 WL 13227997, at *2 (E.D.N.Y. Sept. 29, 2015), *report and recommendation adopted*, 2016 WL 8711393 (E.D.N.Y. Feb. 26, 2016) (citing Fed. R. Civ. P. 15(a)(2); and *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012)); *Owusu v. Corona Tire Shop, Inc.*, 2013 WL 1680861, at *2 (E.D.N.Y. Apr. 17, 2013) (citing Fed. R. Civ. P. 15(a)(2)). "Courts interpret Fed. R. Civ. P. 15 liberally." *Hussain*, 2015 WL 13227997, at *2 (quoting *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995)) (Fed. R. Civ. P. 15(a) "'dictates that motions to amend complaints be liberally granted absent a good reason to the contrary...'"). "The decision whether to grant or deny leave to amend is within the sound discretion of the district court." *Owusu*, 2013 WL 1680861, at *2 (citing *Foman v. Davis*,

271 US. 178, 182 (1962)).  However, "'[a]mendments are generally favored because they tend to facilitate a proper decision on the merits.'" *Rodriguez v. Ridge Pizza Inc.*, 2018 WL 1335358, at *3 (E.D.N.Y. Mar. 15, 2018) (quoting *MHANY Mgmt. v. Cty. of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012); and citing *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013)).

Ultimately, "[t]he party opposing a motion to amend bears the burden of establishing that the amendment should be denied." *Hussain*, 2015 WL 13227997, at *2 (quoting *Joinnides v. Floral Park-Bellerose Union Sch. Dist.*, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015)) ("'With respect to the Rule 15(a) factors, [t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'"); *Rodriguez*, 2018 WL 1335358, at *4-5 (same; and noting that "courts have determined that time, money, and effort expended in defending a lawsuit does not rise to the necessary level of prejudice required to defeat a motion to amend"); *Ballard v. Parkstone Energy, LLC*, 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008) (citing *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137-138 (E.D.N.Y. 1998)).

## II.      Plaintiff Should be Permitted to Amend her Complaint to Include Additional Facts

Plaintiff's proposed Amended Complaint, which seeks to amplify and correct certain allegations under the NYSHRL and NYCHRL, is proper under Fed. R. Civ. P. 15. *See Rodriguez*, 2018 WL 1335358, at *1-5, *10-12 (permitting amendment to modify factual allegations); *Kelly v. City of New York*, 2017 WL 3107207, at *4 (S.D.N.Y. July 17, 2017) (permitting plaintiff to "amend his complaint to clarify and correct the factual allegations" asserted against Defendants); *Rivera v. Harvest Bakery Inc.*, 2015 WL 5542386, at *4 (E.D.N.Y. Sept. 18, 2015) (permitting amendment adding parties, adding additional factual allegations and revising certain causes of action); *see also M.E.S., Inc. v. Safeco Ins. Co. of Am.*, 2014 WL 2931398, at *2 (E.D.N.Y. June

27, 2014) (quoting *Williams v. Citigroup, Inc.*, 659 F.3d 2018, 212-213 (2d Cir. 2011) (noting Fed. R. Civ. P. 15 is "consistent with [Second Circuit's] strong preference for resolving disputes on the merits."); *Rodriguez*, 2018 WL 1335358, at *3. Here, the proposed Amended Complaint seeks to provide more robust allegations to clarify and expand upon the factual basis for Plaintiff's claims as Defendants' continuous conduct has resulted in further unlawful discrimination and retaliation under the NYSHRL and NYCHRL. Thus, Plaintiff's proposed amendments are proper and her motion should be granted.

## III. <u>Plaintiff's Proposed Amended Complaint Asserts Meritorious Claims</u>

### A. <u>Plaintiff States a Claim for Disability Discrimination under the NYSHRL</u>

For purposes of federal law, in order to establish a *prima facie* case of discriminatory discharge under the ADA, a plaintiff must show that: (1) her employer is subject to the statute; (2) she suffers from a disability within the meaning of the statute; (3) she could perform the essential functions of her job with or without reasonable accommodation; and (4) she was suffered an adverse employment action because of her disability. *Flieger v. E. Suffolk BOCES*, 693 Fed. Appx. 14, 16 (2d Cir. 2017) (citing *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)); *Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 Fed. Appx. 5, 7 (2d Cir. 2014) (citing *McMillan v. City of N.Y.*, 711 F.3d 120, 125 (2d Cir. 2013)); *Giordano v. City of N.Y.*, 274 F.3d 740, 747 (2d Cir. 2001). "'Under the last element, a plaintiff must show that the adverse employment action took place under circumstances giving rise to an inference of discrimination.'" *Flieger*, 693 Fed. Appx. at 16 (citing *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015)). Plaintiff's demotion, reduction in pay and material reductions to her responsibilities, among other conduct by Defendants, clearly satisfies this standard. *Bey v. City of New York*, 2020 WL 467507, at *9 (E.D.N.Y. Jan. 29, 2020) (quoting *Feingold v. New York*, 366 F.3d 138, 152

(2d Cir. 2004)) ("The Second Circuit Court of Appeals has observed that 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, *significantly diminished material responsibilities, or other indices unique to a particular situation*' can give rise to an adverse employment action.") (emphasis in original).

Federal courts traditionally apply these ADA legal standards to similar NYSHRL claims. *Giambattista v. Am. Airlines, Inc.*, 5 F. Supp. 3d 284, 291 (E.D.N.Y. 2014) (citing *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 332 n.1 (2d Cir. 2000)). However, the New York Court of Appeals has repeatedly applied a more lenient standard to NYSHRL disability discrimination claims. *Jacobsen v. NYC Health and Hosp. Corp.*, 22 N.Y.3d 824, 834 (2014) (citing *McEniry v. Landi,* 84 N.Y.2d 554, 558 (1994)). Indeed, the New York Court of Appeals, which this Court is obliged to follow regarding issues of state substantive law, held a plaintiff states a *prima facie* case of disability discrimination "if the employee suffers from a statutorily defined disability and the disability caused the behavior for which the employee was terminated." *Id.* (citing *McEniry,* 84 N.Y.2d at 558); *Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359, 361 (E.D.N.Y. 1996) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938)) (state substantive law must be applied by federal courts); *In re Curb Serv. Laundry & Dry Cleaning*, 145 F.2d 756 (2d Cir. 1944) (federal courts must follow highest court of a state when construing a state statute). Federal courts have also noted that a NYSHRL claim "does not require any showing that the disability substantially limits a major life activity." *Prindle v. City of Norwich*, 2018 WL 1582429, at *10 (N.D.N.Y. Mar. 27, 2018) (citing *Ugactz v. UPS, Inc.*, 2013 WL 1232355, at *52 (E.D.N.Y. Mar. 26, 2013)).

Moreover, the NYSHRL definition of a disability is broader than the definition under federal law. *Casseus v. Verizon N.Y., Inc.*, 722 F. Supp. 2d 326, 350 (E.D.N.Y. 2010) (citing *State Div. of Human Rights v. Xerox Corp.,* 480 N.E.2d 695, 698 (1985); and *Reeves v. Johnson Controls*

*World Servs., Inc.,* 140 F.3d 144, 155 (2d Cir. 1998)). Specifically, under the NYSHRL, "[t]he term 'disability' means (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment." N.Y. EXEC. LAW § 292(21)(a)-(b). Moreover, a disability includes "a condition regarded by others as such an impairment[.]" *Id*. at § 292(21)(c).

Here, Plaintiff satisfies either standard. Defendant DOE is a covered employer as it employs well in excess of four employees as required by the NYSHRL. N.Y. EXEC. LAW § 292(5). Plaintiff's medical and mental health conditions – aerovenous malformation, anxiety disorder, major depressive disorder, insomnia, panic attacks, attention-deficit hyperactivity disorder, and a record of thyroid cancer – all constitute disabilities under the NYSHRL. Indeed, each of these diagnosed conditions constitute physical, mental or medical impairments impacting her normal functions, are demonstrable by medically accepted clinical or laboratory diagnostic techniques, and are conditions that she has a record of suffering from prior to or during the course of the allegations of this lawsuit. Plaintiff asserts that, throughout her employment, she was qualified for and satisfactorily performed the job duties of her positions and has been, and remains capable of, performing the duties of her positions with or without an accommodation.

Finally, Plaintiff's allegations establish that she was suffered an adverse employment action because of her disabilities. Plaintiff asserts that throughout much of her time at The Highbridge Green School, Defendants have targeted and harassed her because of her multiple disabilities. Plaintiff's Amended Complaint alleges, *inter alia*, that Defendants refused to accommodate her disabilities, referred her for a medical evaluation based on a false premise that was directly targeted her disabilities, repeatedly criticized her for disability-related symptoms and

absences, disciplined her for disability-related absences, subjected her to discipline based on false allegations, engaged in conduct intended to exacerbate her disabilities and induce panic attacks, repeatedly refused to approve her numerous requests for leave that derived from her disabilities, demeaned her by altering and removing her job duties such that she was forced to perform significantly diminished duties, sought to overwork her by assigning far more time consuming duties, and subjected her to heightened levels of scrutiny. Finally, Defendants ultimately used this history of discrimination and false write ups as a basis to demote Plaintiff from the position of Assistant Principal to Teacher with a reduced salary. Thus, Plaintiff establishes all elements of the test for an ADA *prima facie* case that is traditionally applied to NYSHRL claims.

Plaintiff also satisfies the test set forth by the New York Court of Appeals that merely requires that Plaintiff allege that she "suffers from a statutorily defined disability and the disability caused the behavior for which the employee was terminated." *Jacobsen*, 22 N.Y.3d at 834 (citing *McEniry,* 84 N.Y.2d at 558). As discussed above, Plaintiff suffered from multiple disabilities under the NYSHRL. As also discussed in more detail above, Defendants clearly engaged in a calculated course of discriminatory conduct intended to directly target Plaintiff's disabilities by, *inter alia*, criticizing and disciplining her for behavior and symptoms that stem directly from her disabilities, refusing to grant her requests for accommodation, refusing to grant Plaintiff numerous requests for leave relating to her medical conditions, and, ultimately, demoting Plaintiff from the position of Assistant Principal to Teacher at a reduced salary based on her disabilities.

B.     Plaintiff States a Claim for Disability Discrimination under the NYCHRL

"Claims under the NYCHRL must be analyzed 'more liberally' than" federal discrimination and retaliation claims." *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 82 (2d Cir. 2015) (citing *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009); and

*Bermudez v. City of N.Y.*, 783 F.Supp.2d 560, 592 (S.D.N.Y. 2011)); *Alexander v. Possible Prods., Inc.*, 336 F. Supp. 3d 187, 195 (S.D.N.Y. 2018) (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 36-37 (1st Dep't 2009)) ("[T]he NYCHRL is to be construed more broadly than federal civil rights laws and the NYSHRL; its provisions are more remedial than both."). "Following the amendments to the NYCHRL in 2005, 'courts must analyze NYCHRL claims separately and independently from any federal and state law claims' so 'even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under the broader New York City standards.'" *Ya-Chen Chen*, 805 F.3d at 82 (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013); and citing *Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015)) (remanding to district court to engage in independent analysis); *Alexander*, 336 F. Supp. 3d at 195 (quoting *Williams*, 872 N.Y.S.2d at 31) (NYCHRL "'now explicitly requires an independent liberal construction analysis in all circumstances…targeted to understanding and fulfilling what the statute characterizes as the [NYCHRL's] 'uniquely broad and remedial' purposes, which go beyond those of counterpart state or federal civil rights laws.'"). "Under the NYCHRL, a plaintiff need only prove 'by a preponderance of the evidence that she has been treated less well than other employees because of her [disability].'" *Ya-Chen Chen*, 805 F.3d at 82 (quoting *Williams,* 872 N.Y.S.2d at 39); *Alexander*, 336 F. Supp. 3d at 195 (citing *Mihalik*, 715 F.3d at 110; *Camoia v. City of N.Y.*, 2018 WL 5077893, at *8 (E.D.N.Y. Oct. 18, 2018) (quoting *Richards v. N.Y.C. Dept. of Educ.*, 2015 WL 4164746, at *10 (S.D.N.Y. July 10, 2015); and *Weber v. City of N.Y.*, 973 F. Supp. 2d 227, 262 (E.D.N.Y. 2013)) ("'The proper inquiry under the NYCHRL is whether a plaintiff 'was treated less well because of her [perceived disability].'" and noting "'[t]he NYCHRL does not differentiate between discrimination and hostile work environment claims; rather, both

are governed by N.Y.C. Admin. Code § 8-107(1)(a).'"); *see also Voltaire v. Home Servs. Sys., Inc.*, 823 F. Supp. 2d 77, 96 (E.D.N.Y. 2011) (finding disability discrimination based in part on temporal proximity). "'The challenged conduct need not even be 'tangible' (like hiring or firing).'" *Alexander*, 336 F. Supp. 3d at 195 (quoting *Williams*, 872 N.Y.S.2d at 41; and citing *Emamian v. Rockefeller Univ.*, Docket No. 07-CV-3919 (DAB), Court Order Feb. 2, 2018, at *7 (S.D.N.Y.)).

Disability is defined more liberally under the NYCHRL. "The term 'disability' means any physical, medical, mental or psychological impairment, or a history or record of such impairment." N.Y.C. Admin Code § 8-102(16); *Martinez by Martinez v. Lexington Gardens Assocs.*, 336 F. Supp. 3d 270, 280 n.4 (S.D.N.Y. 2018) (citing NYC Admin Code § 8-102(16)); *Rios v. Core Facility Servs. LLC*, 2018 WL 1545684, at *20 (E.D.N.Y. Mar. 29, 2018) (citing N.Y.C. Admin Code § 8-102(16)). "The term 'physical, medical, mental, or psychological impairment' means…[a]n impairment of any system of the body; including, but not limited to, the neurological system; the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system..." N.Y.C. Admin Code § 8-102(16)(a)-(b); *Rios*, 2018 WL 1545684, at *20 (citing N.Y.C Admin Code § 8-102(16)).

Here, Plaintiff states a claim for disability discrimination under the NYCHRL. Defendant DOE is a covered employer as it employs well in excess of four employees as required by the NYCHRL. N.Y.C. Admin. Code § 8-102. Defendant Brilliante is similarly subject to the provisions of the NYCHRL. *Id.* Similar to the analysis above, Plaintiff's numerous medical and mental health conditions satisfy the even more broad definition of disability as they each qualify

as a "physical, medical, mental or psychological impairment, or a history or record of such impairment," and thus constitute disabilities under the NYCHRL. Moreover, as also discussed in more detail above, Defendants clearly engaged in a calculated course of discriminatory conduct intended to directly target Plaintiff's disabilities by, *inter alia*, criticizing and disciplining her for behavior and symptoms that stem directly from her disabilities, refusing to grant her requests for accommodation, refusing to grant Plaintiff numerous requests for leave relating to her medical conditions, and, ultimately, demoting Plaintiff from the position of Assistant Principal to Teacher at a reduced salary based on her disabilities. Thus, Defendants' conduct clearly constitutes treating Plaintiff less well because of her disabilities in violation of the NYCHRL.

C.      Plaintiff States a Claim for Retaliation under the NYSHRL

Under the NYSHRL, a retaliation plaintiff must allege that: "(1) [s]he engaged in an activity protected by the [statute]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citing *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)); *Prindle*, 2018 WL 1582429, at *9 (citing *Skinner v. City of Amsterdam*, 824 F. Supp. 2d 317, 329 (N.D.N.Y. 2010)); *Sherman v. Cnty. of Suffolk*, 71 F. Supp. 3d 332, 351 (E.D.N.Y. 2014) (citing *Treglia*, 313 F.3d at 719); *Constance v. Pepsi Bottling Co. of NY*, 2007 WL 2460688, at *34 (E.D.N.Y. Aug. 24, 2007) (citing *Weissman v. Dawn Joy Fashions, Inc.,* 214 F.3d 224, 234 (2d Cir. 2000)) (ADA and NYSHRL retaliation claims follow similar analysis); *Ray v. City of Tona Wanda*, 2018 WL 2298354, at *4 (W.D.N.Y. May 21, 2018) (same); *Rodriguez v. Verizon Telecom*, 2014 WL 6807834, at *9 (S.D.N.Y. Dec. 3, 2014) (citing *Weissman,* 214 F.3d at 234). Protected activity under the statute include complaints of discrimination, "including complaints on a good faith belief

that the employer's actions violated the [statute], and requests for reasonable accommodations." *Flieger*, 693 Fed. Appx. at 18 (citing *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002)) ("requests for accommodations are protected activity"); *Weissman*, 214 F.3d at 234 ("complaints based on a good faith belief that employer is violating the [statute] are protected activity")); N.Y. EXEC. LAW § 296(1)(a) (disability, race and gender are protected categories).

Here, Plaintiff states a claim for retaliation under the NYSHRL. Plaintiff alleges that she engaged in numerous acts of protected activity between late March 2018 through her demotion. Plaintiff alleges that, *inter alia*, she complained to Defendant Brillante and multiple administrators employed by Defendant regarding disability discrimination, as well as discrimination based on her race and gender, and asserting acts of retaliation, complained to the Office of Equal Opportunity regarding discrimination, engaged in multiple grievances regarding such discrimination and retaliation, filed two notices of claim regarding discrimination and retaliation, took multiple instances of medical leave, repeatedly requested periods of leave relating to her disabilities throughout 2019, and filed her original Complaint on May 15, 2019. Defendants were aware that Plaintiff engaged in this protected activity through discussions and written correspondence with Defendants, from paperwork submitted by Plaintiff, from engaging in email with Plaintiff relating to her requests for leave, and Defendants received copies of her notices of claim, complaint at the New York State Division of Human Rights and her original Complaint. Plaintiff's Amended Complaint alleges that Defendants engaged in numerous acts constituting retaliatory conduct following her repeated acts of protected activity, asserting, *inter alia*, that Defendants referred Plaintiff for a medical evaluation based on a false premise, repeatedly criticized and disciplined her, demeaned her by altering and removing her job duties such that she was forced to perform significantly diminished duties, and ultimately used their history of false write ups as a basis to

demote Plaintiff from the position of Assistant Principal to Teacher with a reduced salary. Since that time, Defendants have assigned Plaintiff to undesirable positions in order to set her up to fail. Defendants' repeated course of retaliatory acts consistently occurred in close proximity to acts of protected activity and commonly involved Defendant Brillante, who was the subject of her many complaints of unlawful conduct. Indeed, Defendants sought to demote Plaintiff and did demote Plaintiff approximately two months after she filed her original Complaint in this lawsuit. *Molina v. City of Rochester*, 764 Fed. Appx. 49, 51 (2d Cir. Mar. 26, 2019) (citing *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010)) (plaintiff can "'establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action.'"); *Volpe v. NYC Dep't of Educ.*, 195 F. Supp. 3d 582, 597 (S.D.N.Y. 2016) (citing *Gorman-Bakos v. Cornell Coop. Extension*, 252 F.3d 545, 554 (2d Cir. 2001) (same); *Gorman-Bakos*, 252 F.3d at 554 (noting Second Circuit has found sufficient temporal proximity in cases involving lapses of as little as twelve days to as much as eight months). As such, a causal connection exists between the alleged adverse action and Plaintiff's protected activity.

> ### D. Plaintiff States a Claim for Retaliation under the NYCHRL

"Retaliation claims under the NYCHRL cover a broader range of conduct than their state and federal counterparts. In order '[t]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that [he] took an action opposing [his] employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.'" *Krasner v. City of N.Y.*, 580 Fed. Appx. 1, 3 (2d Cir. 2014) (quoting *Mihalik,* 715 F.3d at 112). "[R]etaliation under the NYCHRL need not result in an ultimate action with respect to employment or in a materially adverse change." *Alexander*, 336 F. Supp. 3d at 196

(citing *Kumaga v. NYC Sch. Const. Auth.*, 27 Misc.3d 1207A, at \*15 (Sup. Ct. N.Y. Cnty. 2010));
*Smith v. City of New York*, 2018 WL 3392872, at \*7 (S.D.N.Y. July 12, 2018) (finding retaliation
under federal, state and city law due to temporal proximity).  The Second Circuit has "instructed,
however, that 'a defendant is not liable if the plaintiff fails to prove the conduct is caused at least
in part by...retaliatory motives.'" *Krasner*, 580 Fed. Appx. at 3-4 (quoting *Mihalik*, 715 F.3d at
113).  "Plaintiff has a lower burden to show retaliation under the NYCHRL" than under federal
law. *Alexander*, 336 F. Supp. 3d at 196 (citing *Sorrenti v. City of N.Y.*, 17 Misc.3d 1102(A) (Sup.
Ct. N.Y. Cnty. 2007)).

Here, Plaintiff states a claim of retaliation under the NYCHRL.  As described above,
Plaintiff engaged in repeated acts of protected activity, including opposing both discrimination and
retaliation by Defendants.  Plaintiff's Amended Complaint alleges that Defendants engaged in a
litany of retaliatory conduct following her repeated acts of protected activity, asserting, *inter alia*,
that Defendants referred Plaintiff for a medical evaluation based on a false premise, repeatedly
criticized and disciplined her, subjected her to discipline based on false allegations, repeatedly
refused to approve or sign documents necessary to approve her numerous requests for leave,
demeaned her by altering and removing her job duties such that she was forced to perform
significantly diminished duties, did not permit her to engage in meetings for executive staff, sought
to overwork her by assigning far more time consuming duties, and subjected her to heightened
levels of scrutiny, and ultimately demoted Plaintiff from the position of Assistant Principal to
Teacher with a reduced salary.  Since that time, Defendants have assigned Plaintiff to undesirable
positions in order to set her up to fail.  Defendants' repeated course of retaliatory acts consistently
occurred in close proximity to acts of protected activity and commonly involved Defendant
Brillante, who was the subject of her many complaints of unlawful conduct.  As an example,

Defendants sought to demote Plaintiff and did demote Plaintiff approximately two months after she filed her original Complaint in this lawsuit. As such, a trier of fact could easily infer Defendants were motivated by retaliatory animus based on Plaintiff's numerous acts of protected activity. Finally, Defendants' conduct constituting repeated negative employment actions and harassing acts, false discipline, denials of necessary leave, a demotion, reduction in pay and assignment of undesirable positions are undoubtedly reasonably likely to deter a person from engaging in such protected activity, in violation of the NYCHRL.

      E.     <u>Plaintiff States a Claim for Unlawful Deductions under NYLL § 193</u>

Pursuant to the NYLL, "[n]o employer shall make any deduction from the wages of an employee, except deductions which…are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made." NYLL § 193(1)(a)-(b); *see also Goldberg v. Jacquet*, 667 Fed. Appx. 313, 314 (2d Cir. 2016) (citing NYLL § 193); *Holick v. Cellular Sales of New York, LLC*, 2019 WL 3253941, at *7 (N.D.N.Y. July 19, 2019) (citing NYLL § 193); *Humphrey v. RAV Investigative & Sec. Servs. Ltd.*, 2016 WL 7190073, at *9-10 (S.D.N.Y. Nov. 29, 2016) (citing NYLL § 193). Here, Plaintiff asserts that Defendants made numerous unauthorized deductions to her wages earned, in particular during September and October 2019, that were not authorized by Plaintiff, were not for the benefit of Plaintiff and were made without any prior notice to the Plaintiff, in violation of NYLL § 193. As such, Plaintiff states a claim for violation of NYLL § 193.

F.    Plaintiff States a Claim for Unjust Enrichment

"'An unjust enrichment claim is rooted in the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.'" *Cohen v. BMW Investments L.P.*, 668 Fed. Appx. 373, 374 (2d Cir. 2016) (quoting *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 516 (2012)).  To state an unjust enrichment claim, Plaintiff must assert that "'(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered.'" *Id.* (citing *Georgia Malone & Co., Inc.*, 19 N.Y.3d at 516); *see also Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60, 69 (2d Cir. 2018) (citing *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)) (plaintiff must assert "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution"); *Marathon Structured Fin. Fund, LP v. Paramount Pictures Corp.*, 622 Fed. Appx. 85, 86 (2d Cir. 2015) (quoting *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir.2004)) ("'The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.'"). Here, Plaintiff performed her duties in full throughout September through October 2019, entitling Plaintiff to her wages earned.  Despite this, Defendants deducted substantial sums from Plaintiff's wages to be retained by Defendant DOE to the DOE's benefit and Plaintiff's loss.  Given that Plaintiff performed her duties as an employee in full and rightfully earned her wages, it would certainly be against equity and good conscience to permit Defendants to retain her wages earned. Additionally, Plaintiff asserts that she was entitled to compensation during her leave during the 2018-2019 school year that concluded at the end of August 2019.  However, Plaintiff alleges Defendants repeatedly denied these benefits because Defendants would not sign and complete

certain paperwork to approve her leave. As a result, Defendants coded her absences during her leave as unauthorized absences, refused to issue any compensation, and retained the compensation due from these benefits to Defendant DOE's benefit and to Plaintiff's loss. Thus, again, it would be against equity and good conscience to permit Defendants to retain compensation due to Plaintiff for leave benefits that were wrongly denied. Thus, Plaintiff clearly states a claim for unjust enrichment.

## IV. Defendants Cannot Establish that Prejudice or Any Other Basis Exists to Justify Denial of Plaintiff's Proposed Amendments

"Leave should be given '[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.'" *Owusu*, 2013 WL 1680861, at *2 (citing *Foman*, 371 U.S. at 182); *Hussain*, 2015 WL 13227997, at *2 (quoting *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009)) ("Leave to amend a complaint should only be denied 'if there is delay, bad faith, futility, or prejudice to the non-moving party.'").

None of the factors considered by courts in determining the appropriateness of an amendment militate against granting Plaintiff's motion for leave to file her proposed Amended Complaint. Indeed, the record is clear that the amendment would not prejudice the Defendants, there has been no delay of this motion, no bad faith or dilatory motive, and Plaintiff's amendment is not futile. Plaintiff seeks to amend her pleading while discovery is still ongoing. Defendants' alleged conduct occurred after Plaintiff filed her original Complaint and throughout 2019, with certain allegations occurring as recently as December 2019. Plaintiff also filed a second Notice of Claim relating to these allegations. As such, there has been no delay in asserting these proposed amendments. Defendants cannot establish any prejudice will result from granting the proposed

16

amendments as discovery is still in a relatively early stage.[2]  Indeed, the parties have served and responded to written interrogatories and requests for documents that relate to any of Plaintiff's allegations of discrimination and retaliation, her mitigation efforts, and damages, among other topics, which all relate to the additional allegations and claims asserted in her proposed Amended Complaint.  If Defendants wish to serve any additional interrogatories or requests for documents relating to Plaintiff's allegations and claims in her proposed Amended Complaint, Defendants have ample time to do so.  Moreover, Defendants have not yet conducted a deposition of the Plaintiff. As a result, Defendants have substantial time and the full panoply of discovery mechanisms available to investigate her claims and allegations in her proposed Amended Complaint.  As such, permitting Plaintiff leave to file the proposed Amended Complaint will not hinder Defendants' preparation of any defense in this case.  Plaintiff also has not repeatedly failed to cure deficiencies in prior amendments.  The requested amendment is the sole amended pleading sought in this matter.  Lastly, as discussed at length above, Plaintiff's proposed amendments relate to meritorious claims and, therefore, are not futile.

---

[2] Notably, denial of Plaintiff's request for leave to file her proposed Amended Complaint is more likely to have a negative impact on Defendants.  Indeed, if Plaintiff's motion were denied, Plaintiff would be required to file a separate lawsuit relating to those allegations.  This would require Defendants to defend two lawsuits, which would require Defendants to engage in discovery twice, engage in and produce witnesses for depositions twice, likely require two rounds of motion practice relating to similar issues, and engage in and produce witnesses for two trials.  This would result in a substantial and unnecessary expenditure of the parties' resources.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion and enter an order: (1) granting Plaintiff leave to file an amended complaint pursuant to Fed. R. Civ. P. 15; and (2) granting such other and further relief as the Court deems just and proper.

Dated: Hauppauge, New York
       April 15, 2020

<div style="margin-left:40%">

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588

</div>

By: _____
      DAVID D. BARNHORN, ESQ.
      PETER A. ROMERO, ESQ.